# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR24-4068-LTS-KEM |
| vs. | |
| ERIKA JO THELEN, | **ORDER** |
| Defendant. | |

This case is before me on the Government's motion (Doc. 93) to dismiss Count 3 of the indictment (Doc. 3) against defendant Erika Jo Thelen without prejudice pursuant to Federal Rule of Criminal Procedure 48(a).[1] Thelen has filed a response (Doc. 94) in which she indicates that she does not object to dismissal but requests dismissal with prejudice, not without prejudice, "due to the nature of the violation of her Fourth Amendment rights." Doc. 94 at 1.[2]

The Eighth Circuit Court of Appeals has noted "two circumstances in which the district court may deny leave to dismiss an indictment: when the defendant objects to the dismissal, and when dismissal is clearly contrary to the manifest public interest." *United States v. Jacobo-Zavala*, 241 F.3d 1009, 1012 (8th Cir. 2001) (citing cases). Because Thelen does not object to dismissal, and the record reflects no grounds that "dismissal is

---

[1] Count 3 names only Thelen and is the only count directed at Thelen. *See* Doc. 3. Thus, the dismissal of Count 3 will eliminate Thelen as a defendant in this case.

[2] On July 22, 2025, I entered an order (Doc. 92) adopting, in large part, the Report and Recommendation (Doc. 77) of Chief United States Magistrate Judge Kelly K.E. Mahoney and granting Thelen's motion (Doc. 46) to suppress evidence. In that order, I concluded that law enforcement violated Thelen's Fourth Amendment rights during a traffic stop and search of her vehicle on August 7, 2024. Doc. 92 at 22.

clearly contrary to the manifest public interest," the Government's motion to dismiss Count 3 against Thelen will be granted.

As for whether the dismissal should be with or without prejudice, the Eighth Circuit has held that the dismissal of an indictment at the Government's request, prior to trial, is without prejudice. *United States v. Oliver*, 950 F.3d 556, 561-62 (8th Cir. 2020) (citing cases). Even when a defendant objects to dismissal, which is not the case here, the court should grant dismissal without prejudice absent a finding of prosecutorial abuse or harassment. *See, e.g., United States v. Feldhacker*, 849 F.2d 293, 295 (8th Cir. 1988) ("In general, absent prosecutorial abuse, a defendant does not obtain immunity from prosecution simply because the prosecution has previously dismissed an indictment which described the criminal acts at issue.").

While Thelen prevailed on her motion to suppress evidence, she has not objected to the dismissal of Count 3 and has not alleged, let alone established, prosecutorial misconduct. Thelen has already obtained the appropriate remedy for the violation of her Fourth Amendment rights – suppression of the resulting evidence. See Doc. 92 at 23-25. Pursuant to Rule 48(a), the Government is entitled to dismiss Count 3 without prejudice. As such, the Government's motion (Doc. 93) is **granted** and Count 3 of the indictment (Doc. 3) is hereby **dismissed without prejudice**.

**IT IS SO ORDERED** this 25th day of August, 2025.

_____
Leonard T. Strand
United States District Judge